## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **CAROL CHAPMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** |
| | ) | **3:13-cv-463-MEF** |
| **SL ALABAMA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## JOINT EXPEDITED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Come now plaintiff, Carol Chapman, and defendant, SL Alabama, LLC, and jointly make an expedited motion for an Order approving the agreement between the parties to resolve plaintiff's lawsuit asserting claims under the Fair Labor Standards Act, and dismissing the action with prejudice.  As grounds for their motion, plaintiff and defendant state as follows:

1.    Plaintiff's Complaint asserts claims under the Fair Labor Standards Act (FLSA) for back wages constituting unpaid overtime compensation.

2.    Defendant has denied that plaintiff is entitled to any overtime compensation because plaintiff has been paid properly under the FLSA for all hours worked.

3.      However, solely in an effort to avoid expenses associated with litigation, the parties have reached a settlement agreement, an unsigned version of which is attached as "Exhibit 1", and have memorialized the agreement by providing plaintiff with wages in the gross amount of $390.00, from which will be taken taxes and other legally required deductions, plus attorney's fees and expenses in an amount agreed upon by the parties.

4.      The parties assert that the settlement is a fair and reasonable compromise of plaintiff's claims under the FLSA, and that the amount of backpay listed represents 100% of unpaid overtime due the plaintiff.

5.      In light of the settlement amount and location of counsel, the parties would prefer a hearing via telephone if the Court is amenable.

6.      WHEREFORE, PREMISES CONSIDERED, plaintiff and defendant jointly request that the Court enter an Order, attached as "Exhibit 2," approving the settlement, finding that the agreement is a fair and reasonable resolution and dismissing the action with prejudice, each party to bear her or its own costs, attorney's fees and expenses.

Dated: May 22, 2014

/s/ Robert J. Camp
Robert J. Camp

Attorney for Plaintiff
Carol Chapman

**OF COUNSEL:**
**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone:  (205) 314-0500
Facsimile:   (205) 254-1500


/s/ John J. Coleman, III
John J. Coleman, III
H. Carlton Hilson
Ingu Hwang

*Attorneys for Defendant*
*SL Alabama, LLC*


**OF COUNSEL:**
**BURR & FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:   (205) 251-3000
Facsimile:   (205) 458-5100

**Exhibit 1**

STATE OF ALABAMA                )
JEFFERSON COUNTY            )

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Employee Carol Chapman, her heirs, agents, attorneys, representatives, executors, administrators, successors, assigns, and anyone else who would have the right to act on her behalf (collectively "Employee") and Employer SL Alabama, LLC, with its agents, employees, commissioners, affiliates, parents, successors, subsidiaries, franchisors, insurers, and assigns, and the agents, attorneys, and contractors of each (collectively "Employer") make this Settlement Agreement and General Release ("Agreement"):

1.      Employee voluntarily:

a.      Waives and releases, to the maximum extent the law permits, every known or unknown claim, action, lawsuit, grievance, charge or cause of action accrued to date that the Employee has or may have against Employer and all of Employer's affiliated companies, and their respective directors, shareholders, officers, employees, agents, and employee benefit plans whether under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §§ 2000e, *et. seq.*), the Civil Rights Act of 1866, as amended (42 U.S.C. § 1981), the Fair Labor Standards Act and Equal Pay Act (29 U.S.C. §§ 201, *et. seq.*), the Rehabilitation Act (29 U.S.C. §§ 701, *et. seq.*), the Age Discrimination in Employment Act, as amended, (29 U.S.C. §§ 621, *et. seq.*), the Americans with Disabilities Act (42 U.S.C. §§12101 *et seq.*), the Employee Retirement Income Security Act (29 U.S.C. §§1001 *et seq.*), the Family and Medical Leave Act (29 U.S.C. §§ 3801, *et. seq.*), the False Claims Act (31 U.S.C. §§3729 *et seq.*), the Alabama Age Discrimination Act, Ala. Code § 25-5-11.1, Alabama state law claims of fraud and/or fraudulent inducement, and every federal or state or local whistle blowing law, every federal, state, and local statutory or common law theory under which a suit or action can be brought (excluding any claims accruing in the future, claims that cannot be released as a matter of law, and claims for the enforcement of this Agreement);

b.      Agrees to dismiss, with prejudice, each party to bear her or its own costs, attorney's fees and expenses with the exception of fees and expenses by Defendant outlined in Paragraph 2.b. below, the action styled ***Carol Chapman v. SL Alabama, LLC,*** **Civil Action No.: 3:13-cv-463-MEF**, in the United States District Court for the Middle District of Alabama, Eastern Division, together with every other pending action and charge (collectively "the Action");

c.      Agrees to waive her right to seek reconsideration of or appeal, and waive every right, if any, to refile any claims remanded to state court or otherwise preserved in the Action;

d.      Understands this Settlement Agreement is not Employer's admission of liability and understand completely that Employer continues to exercise its right to assert that Employer did nothing wrong or illegal;

e.     Agrees to be responsible for the taxes and claims of every agency, attorney (including, without limitation, Robert J. Camp and his current and/or former firm), spouse, ex-spouse, and/or any other third party to anything of value provided by Employer to Employee under this Agreement as well as for all penalties and interest and costs of any kind for failure to withhold from any part of the consideration designated below;

f.     Acknowledges the proposition that paragraph 2.a. below comprises an amount over and above that to which Employee otherwise would be entitled to receive as a current or former employee of Employer;

g.     Acknowledges under penalty of perjury that the amounts designated in paragraph 2 below include an amount exceeding 100% of what Employee is entitled to receive under the Fair Labor Standards Act and otherwise;

h.     Acknowledges that Employee has not, through bankruptcy or otherwise, alienated nor assigned any part of any claim waived hereunder nor any right of recovery therefore;

i.     Waives reinstatement, agrees never  knowingly to seek employment with Employer nor on its premises nor with Employer's affiliated companies, and acknowledges that breach of this paragraph 1.i. shall be grounds for immediate discharge from any future position acquired after execution of this Agreement and will not be the basis for any claim of retaliation; in the event Employer subsequently acquires an entity that already employs Employee, Employee shall so notify Employer and shall be entitled to remain employed on the same terms as other employees employed post-acquisition except that Employee shall have no right to positions elsewhere with Employer, other than that at the location where then employed and other than with the employing entity; and

2.     Employer agrees that after the latter of court's approval of this settlement as is and dismissal with prejudice of all claims or of eight (8) days following the signing of this Agreement without revoking the Agreement pursuant to Paragraph 7 *infra*, Employer will pay Employee the gross amount of Five Thousand and No/100 Dollars ($5,000.00), to be apportioned as follows:

a.     One check to Carol Chapman in the gross amount of Three Hundred Ninety and No/100 Dollars ($390.00) for lost wages from which will be withheld taxes and other legally required deductions;

b.     One check to Carol Chapman in the gross amount of One Thousand One Hundred and No/100 Dollars ($1,150.00) for consideration for this Settlement Agreement from which will be withheld no taxes but for which a 1099 will issue; and

c.     One check to Carol Chapman and her attorney, Robert J. Camp, for Three Thousand Four-Hundred Sixty and No/100 Dollars ($3,460.00), which represents attorney's fees, expenses, and costs due, and for which a 1099 will be issued and for which all taxes are Employee's and/or Attorney's responsibility.

d.     Zero ("0") of this amount represents punitive or liquidated damages.

        e.      All payment hereunder is conditioned on the Court's dismissing the Action with prejudice, and on Employee's final agreement to and compliance with the Agreement.

      3.      Employee understands and represents under penalty of perjury that if for any reason any tribunal does not approve settlement of Employee's claim under the Fair Labor Standards Act in the Action or any tribunal determines that this Agreement does not effectively waive and release all Family and Medical Leave Act claims or other claims of any kind, Employer's performance of this Agreement satisfies all such claims and obligations, including without limitation, respecting wages and FMLA leave due, all payment due of every kind, and every other obligation that Employer otherwise would have to Employee.

      4.      Unless otherwise required by subpoena to provide testimony in a legal proceeding, and unless such testimony if truthful would otherwise violate this paragraph, Employee shall refrain from disparaging Employer's products, services, current or former employees or employment practices, and recognizes each breach damages Employer.

      5.      Unless otherwise required by law, Employer shall in response to an inquiry directed to Employer's Human Resources Manager, confine any reference response to Employee's dates of employment and last position held.

      6.      Employer and Employee agree that the law applicable in Alabama governs this Agreement, that all negotiations and representations are merged into and superseded by this Agreement, and any change to this Agreement must be made by writing signed by both parties; any claim under this Agreement must be brought in the state or federal courts of Alabama.

      7.      Employee has had a reasonable time (of at least 21 days) to review this Agreement with her attorney to decide whether to sign it, and has seven (7) days after signing it to change Employee's mind and cancel this Agreement by emailing Kihyun Kim at kkim@slworld.com by the end of the day by applicable Central Time (Standard or Daylight, as then applicable) on the final date of that period.

      8.      Employee and Employer understand that if Employee cancels this Agreement pursuant to Paragraph 7, or the conditions are not satisfied, Employee and Employer are released of all unsatisfied conditions and unsatisfied obligations hereunder.

 

_____

CAROL CHAPMAN

STATE OF ALABAMA                                         )
COUNTY OF _____)

      I, _____, a Notary Public in and for said County in said State, hereby certify that CAROL CHAPMAN, whose name is signed to the foregoing SETTLEMENT AGREEMENT AND GENERAL RELEASE, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, she executed the same voluntarily on the day the same bears date.

      Given under my hand and seal, this _____ day of _____, 2014.


_____
NOTARY PUBLIC

[SEAL]                                         My Commission Expires:_____




SL ALABAMA, LLC

By:_____
Its: _____


STATE OF ALABAMA                    )
COUNTY  OF TALLAPOOSA         )

      I, _____, a Notary Public in and for said County in said State, hereby certify that _____, whose name as _____ of SL Alabama, LLC signed to the foregoing SETTLEMENT AGREEMENT AND GENERAL RELEASE, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he/she, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

      Given under my hand and seal, this _____ day of _____, 2014.


_____
NOTARY PUBLIC

[SEAL]                                         My Commission Expires:_____

**Exhibit 2**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **CAROL CHAPMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO.:** |
| | ) **3:13-cv-463-MEF** |
| **SL ALABAMA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER APPROVING SETTLEMENT

THIS CAUSE came before the court on the stipulation of settlement reached by the parties.  Plaintiff's claim in this action arose pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et seq</u>. and, therefore, settlement of the claim requires court approval.  <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.")  This court, being fully advised in the premises, hereby approves that settlement of wage and hour claim as outlined in the Joint Expedited Motion for Approval of Settlement Agreement and Dismissal With Prejudice.

DONE and ORDERED in Chambers at the United States District Court for the Middle District of Alabama, Eastern Division this _____ day of May 2014.

_____
Honorable Mark E. Fuller

Copies:        Counsel of Record